IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LINDA HORNBY,<br><br>      Plaintiff,<br><br>v.<br><br>BIG LOTS CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.: 4:23-cv-146 |

**O R D E R**

Before the Court is Defendant Big Lots Corporation's Petition for Removal. (Doc. 1.) The Court is concerned the jurisdictional allegations contained in the Petition for Removal are insufficient to establish complete diversity between the parties and, thus, this Court's jurisdiction.

Regarding removal, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire *sua sponte* into the issue. . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338

(11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

On April 11, 2023, Plaintiff filed this premises liability suit in the State Court of Liberty County, Georgia, against Defendant. (Doc. 1-1, pp. 3–7.) On June 2, 2023, Defendant removed the case to this Court based on diversity jurisdiction. (Doc. 1, pp. 1–5.) In its Petition for Removal, Defendant alleges that "Plaintiff is and, at all times relevant, was a resident of Liberty County and is a citizen of the State of Georgia." (Id. at p. 2.) As for its own citizenship, Defendant alleges that it is "organized and existing under the laws of the [sic] Georgia and ha[s] its principal place of business in Ohio." (Id.) Assuming Defendant is (as its name indicates) a corporation, this would mean Defendant is a citizen of both Georgia and Ohio for purposes of diversity. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Accordingly, assuming Defendant is a corporation, Defendant would not be diverse from Plaintiff based on these allegations.

However, in its Petition for Removal, Defendant expressly refers to itself as a "limited liability corporation." (Doc. 1, p. 2.) A limited liability company's ("LLC") citizenship is not dependent upon its state of formation or the location of its principal place of business; instead, LLCs are citizens of every state in which each of their members are citizens. See Carden v. Arkoma Assocs., 494 U.S. 185, 187–88 (1990) (for diversity purposes, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens); Rolling Greens,

374 F.3d at 1022 (for purposes of diversity jurisdiction, an LLC is a citizen of any state of which a member of the company is a citizen). Defendant, however, does not allege any relevant facts regarding the citizenship of any members.[1]

Given that the allegations in the petition for removal are confusing and, as written, demonstrate a possible lack of diversity of citizenship, the Court has no basis for finding that the petition establishes complete diversity. Defendant is therefore **DIRECTED** to file an amended petition for removal within **fourteen (14) days** from the date of this Order specifically addressing Defendant's citizenship and fully demonstrating that this Court has subject matter jurisdiction over this case.[2] Failure to do so will result in this case being remanded for lack of subject matter jurisdiction. The Court also invites, but does not require, Plaintiff to submit her own argument—also within **fourteen (14) days** from the date of this Order—on whether the Court has subject matter jurisdiction.

**SO ORDERED**, this 26th day of June, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant's assertions in its petition for removal are even more confusing given that, in her Complaint, Plaintiff alleged that Defendant is "a foreign corporation under the laws of the state of Ohio, with a principal address [in] Columbus, Ohio," and did not allege that Defendant was in any manner a citizen of Georgia. (Doc. 1-1, p. 3.)

[2] The Court will not accept any amended petition for removal that incorporates by reference any factual allegation or argument contained in an earlier filing or that offers only a piecemeal amendment. Defendant's amended petition for removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish removal is proper.